{¶ 23} I respectfully dissent from the decision of the majority.
 {¶ 24} Paul Gregory was the author of his own difficulties with the court, but the conditions under which he was made to appear for the final hearing in the underlying divorce action, being handcuffed and shackled, render the agreement into which he entered suspect. Added to that, the particular contempt sanctions the court might impose were yet to be determined, and the terms of the property division to which Paul Gregory agreed were disproportionately weighed in favor of Terri Gregory.
 {¶ 25} While I agree that Terri Gregory cannot be charged with having engaged in coercive acts that resulted in duress, it seems clear that she used the situation to her utmost advantage. In any event, the agreement the parties made was incorporated by the court into its decree of divorce, and I believe that the conditions of Paul Gregory's detention were a circumstance that brings the equity of the decree seriously into question.
 {¶ 26} This was not a dissolution, in which the court is expected to adopt a separation agreement, but a divorce, in which the court is charged to arrive at an equitable result in the matter of property division, R.C. 3105.171(B). An equal division is required for that purpose unless the court finds that one of the spouses engaged in financial misconduct that affected the value of assets to which the other spouse is entitled. R.C. 3105.171(C), (E)(3). The parties' financial affairs were in difficulty, but the court made no findings to support a disproportionate award. Paul *Page 8 
findings to support a disproportionate award. Paul Gregory's "agreement" to the award, being extracted under conditions that seriously undermine the voluntary character of his assent to it, is not an adequate basis in equity for the property division ordered in the court's decree.
 {¶ 27} I would reverse and remand.
Copies mailed to:
Jose M. Lopez
H. Charles Wagner
Jay A. Adams
 Hon. Jeffrey M. Welbaum *Page 1